# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**JESSE T. HOWELL**                                                        **PLAINTIFF**

**V.**                  **NO. 4:18-CV-848-KGB-BD**

**SOCIAL SECURITY ADMINISTRATION**                           **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommended Disposition (Recommendation) has been sent to Judge Kristine G. Baker. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, parties may waive the right to appeal questions of fact.

## I. Introduction:

On July 6, 2016, Jesse T. Howell applied for disability benefits, alleging disability beginning January 27, 2016. (Tr. at 15) His claims were denied both initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge (ALJ) denied Mr. Howell's application. (Tr. at 25) He requested that the Appeals Council review the ALJ's decision, but that request was denied. (Tr. at 1) Therefore, the ALJ's decision now stands as the final decision of the Commissioner. Mr. Howell filed this case seeking judicial review of the decision denying his benefits.

## II. The Commissioner's Decision:

The ALJ found that Mr. Howell had not engaged in substantial gainful activity since the alleged onset date of January 27, 2016. (Tr. at 18) At step two of the five-step analysis, the ALJ found that Mr. Howell had the following severe impairments: status post compression fracture of the thoracic spine, traumatic brain injury, anxiety disorder, and affective disorder. *Id*.

After finding that Mr. Howell's impairments did not meet or equal a listed impairment (Tr. at 18), the ALJ determined that Mr. Howell had the residual functional capacity (RFC) to perform work at the light exertional level, with some additional limitations. (Tr. at 20) He could only occasionally stoop and crouch. *Id*. He could have contact with others incidental to the work performed, and he could perform work learned and performed by rote, with few variables, and requiring little judgment. *Id*. He would require simple, direct, and concrete supervision. *Id*. He was limited to work not requiring frequent verbal communications. *Id*.

The ALJ found that, based on Mr. Howell's RFC, he was unable to perform any past relevant work. (Tr. at 23) At step five, the ALJ relied on the testimony of a Vocational Expert (VE) to find, based on Mr. Howell's age, education, work experience and RFC, that he was capable of performing work in the national economy as a can filling and closing machine tender, a power screwdriver operator, or an injection molding machine tender. (Tr. at 25) The ALJ determined, therefore, that Mr. Howell was not disabled. *Id*.

### III. <u>Discussion:</u>

    A.  Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and assure that the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (*citing Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). Stated another way, the decision must rest on enough evidence that "a reasonable mind would find it adequate to support [the] conclusion." *Halverson*, 600 F.3d at 929. The Court will not reverse the decision, however, solely because there is evidence to support a conclusion different from that reached by the Commissioner. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

    B.  Mr. Howell's Arguments on Appeal

Mr. Howell maintains that substantial evidence does not support the ALJ's decision to deny benefits. He argues that the ALJ: did not fully develop the record; did not properly complete the Psychiatric Review Technique; did not give proper weight to his subjective complaints; and improperly discounted two residual functional capacity assessments from his treating doctor.

Mr. Howell had complex compression fractures of the thoracic spine. (Tr. at 642, 658) An MRI of the thoracic spine showed moderate compression deformities of T3 and T4 vertebral bodies with approximately 50% loss of vertebral body height. (Tr. at 707) It also showed superior end plate compression along T2 and T5 vertebral bodies. *Id*. Mr. Howell began treatment with Dustin Cupp, D.O., in January 13, 2017. (Tr. at 753) Mr.

Howell complained of chronic back pain that was sharp and burning and radiated up his back, which caused headaches. *Id*. He reported problems lifting things and sleeping. *Id*. Mr. Howell stated that he had been treated with diazepam and Tylenol with codeine. *Id*. He had tried physical therapy, to no avail. *Id*.

Dr. Cupp referred Mr. Howell for a bone scan. *Id*. The bone scan showed mild-to-moderate increased uptake that seemed to correspond to the compression fractures. (Tr. at 665) The increased uptake related to acute-on-chronic type changes. *Id*. X-rays also showed degenerative changes in the cervical and lumbar spine. (Tr. at 680)

On January 30, 2017, Mr. Howell saw William C. Clark, M.D., for thoracic pain. (Tr. at 722) He told Dr. Clark that he had taken valium for muscle spasms and that three separate epidural steroid injections had brought no relief. *Id*. He rated his pain level at a 9 out of 10. *Id*. He said nothing had alleviated his symptoms. *Id*.

Dr. Clark stated that kyphoplasty would not relieve his symptoms. (Tr. at 772) Mr. Howell also testified that his neurosurgeons had delayed fusion surgery because of his weak bones. At the time of the hearing, Mr. Howell was scheduled for the fusion surgery. (Tr. at 122)

On January 30, 2017, Mr. Howell told Dr. Cupp that he had burning pain with radiation and pain with breathing and bending. (Tr. at 751) He was sleeping in a recliner and did not like to leave home. *Id*. At a visit with Dr. Cupp on February 27, 2017, Mr. Howell reported no improvement in symptoms and no relief with medications. (Tr. at

746) He could lift no more than a gallon of milk. *Id*. Dr. Cupp diagnosed complex regional pain syndrome along with thoracic fractures. *Id*. On the same day, Dr. Cupp filled out a residual functional capacity assessment. (Tr. a 795) He stated that Mr. Howell could not perform even sedentary work. *Id*.

On March 13, 2017, Mr. Howell told Christopher Martin, M.D., at Tulsa Bone and Joint Associates, that physical therapy and steroid injections were ineffective at reducing pain. (Tr. at 718) Dr. Martin diagnosed chronic thoracic pain. *Id*.

On April 18, 2017, Mr. Howell saw Kenneth Reed, M.D., at Advanced Pain Specialists. (Tr. at 781) Mr. Howell reported very severe pain and stated that he could not walk, sit, or stand for more than a half hour. (Tr. at 783) He said pain prevented sleeping, sex life, social life, and travel. *Id*. Indeed, Mr. Howell reported that he performed no chores or yard work, had no hobbies, and rarely socialized. (Tr. at 374-376) Dr. Reed diagnosed thoracic spondylosis and muscle spasm. (Tr. at 783)

Dr. Reed administered bilateral thoracic facet injections on April 26, 2017. (Tr. at 785) Mr. Howell told Dr. Cupp a week later than he had experienced some pain relief from the injections but still had significant functional limitations. (Tr. at 862) An MRI on May 26, 2017 showed severe compression deformities at T3 and T4. (Tr. at 804)

Mr. Howell saw Dr. Cupp again on June 12, 2017, reporting that he was not sleeping well and was "more bad than good." (Tr. at 864) He said that Norco 10 was not effective for pain. (Tr. at 806) Mr. Howell proceeded with radiofrequency ablation

therapy for his back. (Tr. at 809) After the treatment, he told Dr. Cupp that the burning sensation had improved but that he felt more localized pain in the center of his back. (Tr. at 866) Mr. Howell told his APRN that physical therapy, injections, narcotics, muscle relaxants, and pain management had helped little, if any. (Tr. at 869) A consistent diagnosis of chronic pain, coupled with a long history of pain management and drug therapy, weighs in favor of Mr. Howell's credibility. *See Cox v. Apfel*, 160 F.3d 1203, 1208 (8th Cir. 1998).

Dr. Cupp completed a second functional capacity statement on September 21, 2017. (Tr. at 794) In that statement, he opined that Mr. Howell could not sit, stand, or walk for a full work day, could not perform part-time work for more than ten hours in a work week, required four or more unscheduled breaks per day, and had significant limitations in the ability to reach, push, and pull in the upper extremity. Dr. Cupp referenced objective testing in support of his findings. (Tr. at 792)

Mr. Howell alleges that the ALJ did not give Dr. Cupp's opinions proper weight. It is the ALJ's function to review all of the medical evidence and resolve conflicts among the various treating and examining physicians. *Wagner v. Astrue*, 499 F.3d 842, 848 (8th Cir. 2007); *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001). A treating physician's opinion must be discussed by the ALJ and, if rejected, the ALJ must give reasons why. *Ingram v. Chater*, 107 F. 3d 598, 602 (8th Cir. 1997); *Prince v. Bowen*, 894 F.2d 283 (8th Cir. 1990). A treating physician's opinion accompanied by medically

acceptable clinical or diagnostic data is entitled to controlling weight. *Baker v. Apfel*, 159 F. 3d 1140, 1145-46 (8th Cir. 1998).

The ALJ did not mention Dr. Cupp's February 2017 statement and gave little weight to the subsequent evaluation. (Tr. at 23) He found that Dr. Cupp's opinions were inconsistent with the medical evidence and revealed only conservative treatment.

In fact, as discussed above, Mr. Howell underwent numerous aggressive therapies for his back pain. His complaints were consistent, and his pain prevented many normal activities of daily living. Objective imaging showed serious compression fractures. Dr. Cupp treated Mr. Howell on a number of occasions, and Mr. Howell saw many specialists for his condition.

Ruby Jenkins, a family friend who oversaw Mr. Howell's medical treatment for some time, explained that Mr. Howell's pain was visible and severe, and that it was not improving. (Tr. at 123-124). She said that pain management had not been effective. *Id.* This corroborates Mr. Howell's statements and Dr. Cupp's opinions. The ALJ improperly discounted Dr. Cupp's statements.

The ALJ also assigned an RFC for light work, which requires a good deal of standing and walking. This appears to be beyond Mr. Howell's capabilities based on the whole record. Finally, the ALJ erred in discrediting Mr. Howell's subjective complaints. Mr. Howell's complaints of pain were generally consistent with the objective evidence, treating doctors' opinions, his reported activities of daily living, and his poor response to

treatment. *See O'Donnell v. Barnhart*, 318 F.3d 811, 817 (8th Cir. 2003)(ALJ improperly discredited claimant in spite of aggressive treatment).

## IV. **Conclusion:**

The Commissioner's decision is not supported by substantial evidence because the ALJ did not give proper weight to the opinion of Mr. Howell's treating physician. The decision should be reversed and the case remanded with instructions for further review.

DATED this 23rd day of August, 2019.

_____
UNITED STATES MAGISTRATE JUDGE